## IN THE COURT OF COMMON PLEAS FOR FRANKLIN COUNTY, OHIO
## GENERAL DIVISION

| | |
|---|---|
| **CARITA INGRAM**, <br><br> 6541 Skywae Dr <br> Columbus, OH 43229 <br><br>       **PLAINTIFF**, <br><br> v. <br><br> **AMAZON.COM SERVICES LLC**, <br><br> C/O Statutory Agent <br> Corporation Service Company <br> 3366 Riverside Drive, Suite 103 <br> Upper Arlington, OH 43221 <br><br> and, <br><br> **DANIEL GAINER**, <br><br> 4401 Equity Dr <br> Columbus, OH 43228 <br><br>       **DEFENDANTS**. | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

### I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Carita Ingram against her former employer, Amazon.com Services LLC, and her former supervisor, Defendant Daniel Gainer. Defendants unlawfully failed to accommodate Ms. Ingram's disability of long COVID-19 and terminated her employment because of it.

2. Accordingly, Ms. Ingram now files this civil action. She seeks to recover for the harm she has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II. JURISDICTION AND VENUE

3. Pursuant to R.C. 1907.03 and 2305.01, this Court has original jurisdiction because this is a civil action where the amount in controversy exceeds the county court's exclusive original jurisdiction.

4. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Daniel Gainer because he is a resident of, and has continuous and systematic contacts with, the State of Ohio.

5. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendant Amazon.com Services LLC for the following reasons: it transacted business in this state; it caused tortious injury by an act or omission in this state; it caused tortious injury in this state to Plaintiff by an act outside this state committed with the purpose of injuring Plaintiff, when it might reasonably have expected that some person would be injured thereby in this state; and/or it purposefully availed itself of the privilege of acting in Ohio, its causes of action arise out of its activities in Ohio, and the exercise of jurisdiction over it is reasonable.

6. Pursuant to Civ.R. (C)(1), (C)(3), and/or (C)(6) this Court is the appropriate venue because Franklin County, Ohio, is a county in which a defendant resides; is a county in which a defendant conducted activity that gave rise to the claims for relief; and/or is a county in which all or part of the claims for relief arose.

## III. PARTIES

7. Plaintiff Carita Ingram ("Plaintiff" or "Ms. Ingram") is a natural person who is a resident of Franklin County, Ohio. Defendant Amazon.com Services LLC employed Ms. Ingram from March 2017 up until Defendants fired her on October 11, 2022.

8. Defendant Amazon.com Services LLC ("Defendant LLC" or the "Company") is a for-profit limited liability company that formed in the State of Delaware and has its principal place of business in King County, Washington. Defendant Amazon is a technology company that focuses on e-commerce, cloud computing, and advertising, among other things.

9. Defendant Daniel Gainer ("Defendant Gainer") is a natural person who, upon information or belief, is a resident of the State of Ohio. At all relevant times, Defendant Gainer had supervisory authority over Ms. Ingram. Defendant Gainer was an individual responsible for, and/or who participated in, the adverse employment action(s) against Ms. Ingram.

## IV. FACTS

10. From March 2017 until October 2022, Defendant Amazon employed Ms. Ingram as a customer service representative in Franklin County, Ohio.

11. During Ms. Ingram's employment with Defendant Amazon, her job performance met or exceeded expectations.

12. In or about October 2021, Ms. Ingram contracted long COVID-19. As a result of her infection, Ms. Ingram experienced nerve damage and chronic pain that significantly limited her in one or more major life activities, including working, standing, sitting, and walking. As a result, her long COVID-19 constituted a disability under R.C. Chapter 4112.

13. In or about August 2022, Ms. Ingram requested Defendants provide her leave as an accommodation for her long COVID-19.

14. In or about October 2022, Ms. Ingram requested to return to work with restrictions, including hourly breaks and being permitted to elevate her leg at her desk. This constituted a request to Defendants for accommodations for her long COVID-19.

15. In or about October of 2022, Defendants refused to grant Ms. Ingram's requests for accommodations.

16. On or about October 11, 2022, Defendants terminated Ms. Ingram's employment because of her disability.

17. Ms. Ingram timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Ohio Civil Rights Commission ("OCRC").

18. On or about June 23, 2023, the EEOC issued Ms. Ingram a right-to-sue letter.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of Ohio Revised Code Chapter 4112**
**(Disability Discrimination – Termination of Employment)**

**Against Defendant Amazon**

19. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

20. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

21. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

22. Defendant Amazon was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

23. Defendant Amazon violated R.C. Chapter 4112 when it terminated Plaintiff's employment because of her disability or disabilities. Alternatively, Plaintiff's disability or

disabilities were a motivating factor in the decision by Defendant Amazon to terminate Plaintiff's employment.

24. As a proximate result of Defendant Amazon's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

25. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Amazon demonstrate malice or aggravated or egregious fraud, and/or Defendant Amazon as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

26. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count I.

**COUNT II**

**Violation of Ohio Revised Code Chapter 4112
(Regarded-As Disability Discrimination – Termination of Employment)**

**Against Defendant Amazon**

27. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

28. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

29. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

30. Defendant Amazon was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

5

31. Defendant Amazon violated R.C. Chapter 4112 when it terminated Plaintiff's employment because of her physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in its decision to terminate Plaintiff's employment.

32. As a proximate result of Defendant Amazon's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

33. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Amazon demonstrate malice or aggravated or egregious fraud, and/or Defendant Amazon as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

34. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

## COUNT III

### Violation of Ohio Revised Code Chapter 4112
### (Disability Discrimination – Failure to Accommodate)

### Against Defendant Amazon

35. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

36. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

37. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

6

38. Defendant Amazon was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

39. Defendant Amazon violated R.C. Chapter 4112 when it failed to provide a reasonable accommodation for Plaintiff's disability.

40. As a proximate result of Defendant Amazon's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

41. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Amazon demonstrate malice or aggravated or egregious fraud, and/or Defendant Amazon as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

42. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Violation of Ohio Revised Code Chapter 4112
### (Aiding and Abetting Unlawful Discrimination and Retaliation)

### Against Defendant Gainer

43. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

44. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

45. Defendant Gainer was at all relevant times a "person" within the meaning of R.C. 4112.01(A)(1).

46. Defendant Gainer violated R.C. 4112.02(J) when he aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint.

47. As a proximate result of Defendant Gainer's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

48. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Gainer demonstrate malice or aggravated or egregious fraud, and/or Defendant Gainer as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

49. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F. All costs and expenses incurred in pursuing the claims against Defendants;

G. Pre- and post-judgment interest; and

    H.    All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Civ.R. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Paul Filippelli
Jason E. Starling (Ohio Bar No. 0082619)
Jessica R. Doogan (Ohio Bar No. 0092105)
Paul Filippelli (Ohio Bar No. 0097085)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com
pfilippelli@willisattorneys.com

*Attorneys for Plaintiff Carita Ingram*